UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

**RAFAT MOHAMED AHMED ABDULBASIT**,    :

                              Plaintiff,    :

                                              :    **MEMORANDUM AND ORDER**

        – against –    :    25-CV-5964 (AMD)(VMS)

 

**US CITIZENSHIP IMMIGRATION**    :
**SERVICES; US IMMIGRATION CUSTOMS**
**ENFORCEMENT; POLICE BENEVOLENT**    :
**ASSOCIATION OF THE CITY OF NEW**
**YORK (PBA); ROLLER N ROASTER**    :
**CORPORATION**,    :

                         Defendants.    :

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On October 22, 2025, the *pro se* plaintiff brought this action against U.S. Citizenship and

Immigration Services (USCIS), U.S. Immigration and Customs Enforcement (ICE), the Police

Benevolent Association of the City of New York (PBA), and Roll N Roaster.  (ECF No. 1.)[1]

The plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for purposes of this order.

For the reasons that follow, the plaintiff's complaint is dismissed with leave to amend.

## BACKGROUND

In October 2024, the plaintiff received a copy of his immigration file and discovered that

he had been approved for a green card a few times, but that the green card was "unlawfully never

sent out to the plaintiff."  (ECF No. 1 at 8.)  The plaintiff alleges USCIS and ICE conspired with

the NYPD to arrest him falsely.  (*Id.*)  On February 17, 2006, USCIS "unlawfully convicted" the

plaintiff of charges that had previously been dismissed.  (*Id.*)  The plaintiff was jailed and

---

[1] The defendant's name is Roll N Roaster.  The Clerk of Court is respectfully directed to amend the
caption of this case to reflect the correct spelling.

detained for over 8 months and "lost his job and his work car and a lawyer fee." (*Id.*)  The

plaintiff claims that on January 1, 2008, the NYPD conspired with USCIS and ICE again, and

arrested him falsely.  (*Id.*)  The plaintiff was then detained for two years.  (*Id.*)

The plaintiff also alleges that on October 25, 2024, USCIS conspired with Roll N

Roaster, the PBA, "Valeria and Eugeen," and ICE to stalk the plaintiff's house and attack him.

(*Id.*)  The plaintiff was harassed, intimidated, and falsely arrested.  (*Id.*)  These entities injured

his dog and trespassed on his property.  (*Id.*)  On August 13, 2025, USCIS, ICE, Roll N Roaster,

and the PBA again conspired against the plaintiff to "stalk[] and box[] him."  (*Id.* at 9.)  The

"ICE supervisor" harassed the plaintiff and "raise[d] the plaintiff['s] blood pressure for no reson

[sic]."  (*Id.*)

The plaintiff alleges that Roll N Roaster, the PBA, ICE, and USCIS conspired against

him again, and caused his immigration denial to be "unlawfully issued" on August 15, 2025.

(*Id.*)  Finally, on August 18, 2025, Roll N Roaster employees, the PBA, and ICE held the

plaintiff "hostage in his house without delivering the denial notie [sic]."  (*Id.*)  They attempted to

arrest the plaintiff and harassed and intimidated him in his house.  (*Id.*)

The plaintiff alleges constitutional violations pursuant to 42 U.S.C. § 1983; he also

alleges violations of eight sections of the U.S. Criminal Code and Title VI of the Civil Rights

Act of 1964.  (*Id.* at 6.)  He seeks "an order of cancellation of removal or arrest if there is one or

future arrest," as well as to be "free from conspiracy and manipulation."  (*Id.* at 10.)  He also

asks the Court to issue an order of protection against the defendants, to order USCIS to issue his

work permit immediately, and to "[g]rant the plaintiff his rights of the United States Citizenship

without discrimination or any order off [sic] discrimination."  (*Id.* at 11.) [2]

---

[2] The Court generally lacks the equitable power to grant citizenship or a work permit to a noncitizen.  *See*
  *INS v. Pangilinan*, 486 U.S. 875, 883–84 (1988) ("[T]he power to make someone a citizen of the United

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up); *see also id.* (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because the plaintiff is proceeding *pro se,* the Court evaluates his complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, a court must dismiss an IFP action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

States has not been conferred upon the federal courts, like mandamus or injunction, as one of their generally applicable equitable powers."); *Walcott v. Holder*, 592 F. App'x 25, 27 (2d Cir. 2015) (summary order) ("[I]t is well-established that we cannot naturalize citizens through our equitable powers.").

**DISCUSSION**

### I.        Failure to State a Claim

The plaintiff alleges a conspiracy between the defendants to arrest him falsely and harass him, and to deny his immigration petition unlawfully.  (ECF No. 1 at 8–9.)  These allegations — even under the liberal reading due to *pro se* pleadings — are irrational, and do not state a cognizable claim for relief.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless — that is, if they are fanciful, fantastic, or delusional." (cleaned up)); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at \*4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where the "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

Further, to the extent the plaintiff alleges Section 1983 claims against Roll N Roaster and the PBA, those claims must be dismissed.  Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must allege "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

U.S. 40, 50 (1999) (cleaned up).  The Second Circuit has held that the PBA is not a state actor.

*See Harmon v. Matarazzo*, 162 F.3d 1147 (2d Cir. 1998).  Accordingly, the plaintiff does not

have a cause of action against Roll N Roaster, a private business, or the PBA under Section

1983.

The plaintiff's criminal claims must also be dismissed.  "It is a truism, and has been for

many decades, that in our federal system crimes are always prosecuted by the Federal

Government, not . . . by private complaints."  *Connecticut Action Now, Inc. v. Roberts Plating*

*Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619

(1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another.").

## II.    Leave to Amend

If a liberal reading of the complaint "gives any indication that a valid claim might be

stated," a *pro se* plaintiff should be given an opportunity to amend the complaint.  *See Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (cleaned up).  In an excess of caution, the Court

grants the plaintiff leave to file an amended complaint.

If the plaintiff chooses to file an amended complaint, he should describe what each

named defendant or defendants did or did not do, how each defendant caused the plaintiff injury,

and name only the defendants that were personally involved.  The plaintiff must also explain

how the facts alleged in the complaint give rise to a claim under federal law.  *See Gamarra v.*

*Paul*, No. 24-cv-6167, 2024 WL 4515286, at \*4 (E.D.N.Y. Oct. 17, 2024) ("[M]erely mentioning

a federal law is insufficient to properly invoke federal question subject matter jurisdiction.").

The plaintiff may have a claim based on denial of his application for naturalization.  "A

person whose application for naturalization has been denied may seek *de novo* review of such

5

denial before the district court pursuant to 8 U.S.C. § 1421(c). This provision 'offers an

expansive form of judicial review,' authorizing a court to provide relief so long as a plaintiff

meets the conditions of a naturalization denial and an immigration hearing." *Mason v. United

States Citizenship & Immigr. Servs.*, No. 23-CV-2129, 2025 WL 2442789, at *2 (E.D.N.Y. Aug.

25, 2025) (quoting *Donnelly v. Controlled Application Rev. & Resol. Program*, 37 F.4th 44, 48

(2d Cir. 2022)). If the plaintiff decides to file an amended complaint challenging a denial of his

application for naturalization, he must include in the amended complaint specific facts regarding

his application and denial, including whether he requested a hearing on the denial and whether

there are removal proceedings pending against him.

### CONCLUSION

The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of

the plaintiff's *pro se* status, the Court grants him leave to amend the complaint. The plaintiff has

thirty days to file an amended complaint, which must be captioned "Amended Complaint" and

bear the same docket number as this order: 1:25-CV-5964 (AMD) (VMS). The amended

complaint completely replaces the original complaint. That is, the second, amended complaint

must stand on its own without reference to the original complaint. All further proceedings will

be stayed for thirty days. If the plaintiff does not file an amended complaint within the time

allowed or show good cause for an extension to file the amended complaint, the Court will direct

the Clerk of Court to enter judgment and close this case.

The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance

Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_____s/Ann M. Donnelly_____
ANN M. DONNELLY
United States District Judge


Dated:  Brooklyn, New York
        November 18, 2025